UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

PETER W. FERREIRA,

      Petitioner,

v.                                                    Case No.:  2:20-cv-810-SPC-NPM

SECRETARY, DOC,

      Respondent.

_____/

### **OPINION AND ORDER**[1]

This case is before the Court on an amended pro se 28 U.S.C. § 2254 petition for writ of habeas corpus filed by Peter W. Ferreira ("Petitioner"), a prisoner of the Florida Department of Corrections, serving a 14-year sentence for vehicular homicide.   (Doc. 8).   Respondent, Secretary of the Florida Department of Corrections ("Respondent"), filed a limited response opposing the petition and asking the Court to dismiss it as untimely filed.   (Doc. 11). In reply (Doc. 12), Petitioner argues that he is entitled to equitable tolling because COVID-19 lockdowns impeded his access to legal aid and to his files.

---

[1] Disclaimer:  Papers hyperlinked to CM/ECF may be subject to PACER fees.  By using hyperlinks, the Court does not endorse, recommend, approve, or guarantee any third parties or their services or products, nor does it have any agreements with them.   The Court is not responsible for a hyperlink's functionality, and a failed hyperlink does not affect this Order.

After carefully reviewing the parties' briefs and the entire record before this Court, the Court dismisses the petition with prejudice as untimely filed.

## I.   Background and Procedural History

On May 20, 2015, a jury found Petitioner guilty of one count of vehicular homicide.   (Doc. 11-2).   The state court thereafter sentenced him to fourteen years in prison and one year of probation.   (Doc. 11-2 at 12–20).   Petitioner filed a direct appeal of that conviction and sentence on June 26, 2015.   (Doc. 11-2 at 22).   On April 22, 2016, Florida's Second District Court of Appeal ("Second DCA") affirmed Petitioner's conviction and sentence per curiam without a written opinion.   (Id. at 27); *Ferreira v. State*, 210 So.3d 53 (Fla. 2d DCA 2016).   Petitioner did not seek discretionary review of the Second DCA's affirmance of his conviction and sentence by the Supreme Court of Florida.

On February 7, 2017, Petitioner filed a motion for postconviction relief under Rule 3.850 of the Florida Rules of Criminal Procedure ("Rule 3.850 Motion").   (Doc. 11-2 at 29–58).   Following an evidentiary hearing and an amended Rule 3.850 Motion (*id.* at 64–103), the postconviction court denied all claims.   (Id. at 106). The Second DCA affirmed without a written opinion. (*Id.* at 908); *Ferreira v. State*, 298 So. 3d 1141 (Fla. 2d DCA 2020).   The appellate mandate issued on July 9, 2020.   (*Id.* at 910).

While his Rule 3.850 Motion was pending, Petitioner filed a state petition for writ of habeas corpus alleging ineffective assistance of appellate counsel. (Doc. 11-2 at 914–44).   The Second DCA denied the petition on July 16, 2018. (Id. at 946).

On December 29, 2020, Petitioner filed a motion to vacate based on fraud, collusion, deceit, or mistake.   (Doc. 11-2 at 948–65). The postconviction court dismissed the motion as an impermissible successive Rule 3.850 Motion. (Id. at 967–69).   The Second DCA affirmed on October 22, 2021 without a written opinion. *Ferreira v. State*, 328 So. 3d 963 (Fla. 2d DCA 2021).

On October 13, 2020, Petitioner filed the first page of a 28 U.S.C. § 2254 form.   (Doc. 1-2)   He did not raise any claims in the petition.   The Court found that Petitioner had "asserted no facts or claims upon which relief could be granted," but allowed him to amend his petition by December 9, 2020. (Doc. 5).   The Court cautioned Petitioner that his failure to timely amend would result in the dismissal of this action without further notice.   (*Id.*) Instead of complying, on December 2, 2020, Petitioner filed a motion to "be placed on stay and abeyance" under *Rhines v. Weber*, 544 U.S. 269, 277–78 (2005).   (Doc. 6).   Notably, Petitioner again did not raise any claims in his motion.   In addressing the motion, this Court noted that the Supreme Court limited the Rhines doctrine to mixed petitions where there was good cause

shown for a petitioner's failure to exhaust the claims in state court.   (Doc. 7 at 2).   The Court also noted that a stay would be unwarranted if the unexhausted claims were plainly meritless.   (*Id.*)   The Court concluded:

> *Rhines* does not apply to Petitioner's situation.   First, the instant petition contains <u>no</u> claims, so it is not a mixed petition. Next, because Petitioner did not include the substance of his claims in his one-page placeholder petition, the Court cannot review any unexhausted claims to determine whether they have sufficient merit to warrant a stay. Finally, Petitioner admits that, except for his *Martinez*[v. *Ryan*, 566 U.S. 1 (2012)] claims, all of his habeas claims have already been exhausted in state court. (Doc. 6 at 2.) Accordingly, a stay for exhaustion is unnecessary.

(Doc. 7 at 2–3).   The Court cautioned Petitioner that his failure to amend within 21 days would result in the dismissal of the action for failure to prosecute.   (*Id.* at 7)   Petitioner filed an amended petition, setting forth his habeas claims for the first time on June 25, 2021.   (Doc. 8).[2]

## II.   Discussion

Respondent argues that the amended petition should be dismissed as untimely.   This Court agrees.   The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") provides a one-year statute of limitations for

---

[2] Under the "mailbox rule," a pleading is considered filed by an inmate on the date it was delivered to prison authorities for mailing, which—absent contrary evidence—is the date it was signed. *Washington v. United States*, 243 F.3d 1299, 1301 (11th Cir. 2001).   In this case, the petition was stamped as provided to Charlotte Correctional Institution for mailing on June 25, 2021.   (Doc. 8 at 1).

habeas corpus proceedings. 28 U.S.C. § 2244(d). The limitations period begins to run from the latest of four possible start dates:

> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2244(d)(1). Petitioner does not allege—nor does it appear from the Court's liberal construction of Petitioner's filings or the Court's independent review of the record—that any statutory trigger in sections 2244(d)(1)(B)–(D) applies. Accordingly, Petitioner's limitations period is calculated from the date his state judgment became final. *Id.* § 2244(d)(1)(A).

## A.   The petition is untimely under 28 U.S.C. § 2244(d)(1)(A).

The Second DCA affirmed Petitioner's conviction and sentence on April 22, 2016. (Doc. 11-2 at 27). Because Petitioner could have sought certiorari

review of the Second DCA's decision by the Supreme Court of the United States for the next 90 days, AEDPA's one-year period for timely filing a petition under section 2244(d)(1)(A) began 90 days after April 22, 2016—on July 21, 2016. See Chavers v. Sec'y, Fla. Dep't of Corr., 468 F.3d 1273, 1275 (11th Cir. 2006) (holding that "the entry of judgment, and not the issuance of the mandate, is the event that starts [the 90-day window] for seeking Supreme Court review" under 28 U.S.C. § 2244(d)(1)(A)).

Therefore, the first day Petitioner's AEDPA one-year statute of limitations began to run was July 22, 2016, and he had until Monday, July 24, 2017 to file his federal habeas petition.   See San Martin v. McNeil, 633 F.3d 1257, 1266 (11th Cir. 2011) (recognizing that the AEDPA limitations period begins to run on the day after triggering event); Downs v. McNeil, 520 F.3d 1311, 1318 (11th Cir. 2008) ("[T]he limitations period should be calculated according to the anniversary method, under which the limitations period expires on the anniversary of the date it began to run." (internal quotation marks omitted)); Fed. R. Civ. P. 6(a)(1)(A), (C).

Petitioner filed his amended habeas petition (the first petition containing claims) on June 25, 2021, and absent statutory or equitable tolling, it was almost four years—1426 days—late.   28 U.S.C. § 2244(d)(1)(A).

### B.   Petitioner is not entitled to statutory tolling of the AEDPA statute of limitations.

AEDPA's statute of limitations may be tolled in certain situations.   For example, "[t]he time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted" toward AEDPA's one-year statute of limitation.   28 U.S.C. § 2244(d)(2).

Petitioner filed his initial Rule 3.850 Motion on February 7, 2017, after 201 days of his limitations period had passed.   (Doc. 11-2 at 29).   This tolled Petitioner's time to file a federal petition until July 8, 2020, when mandate issued on appeal from the denial of the motion.   (*Id.* at 910).   Petitioner had 164 days, or through December 21, 2020, to timely raise his habeas claims. Petitioner did not file a petition raising <u>any</u> claims until June 25, 2021, and this petition is 186 days late.[3]   Accordingly, Petitioner is not entitled to statutory tolling of the one-year AEDPA limitations period.

---

[3] It is unnecessary for the Court to determine whether Petitioner's December 29, 2020 motion to vacate was "properly filed" so as to toll the time to file a federal petition because Petitioner's limitations period expired before the motion was filed.   It is well-settled that a state court petition or motion filed after the expiration of the federal limitations period "cannot toll that period because there is no period remaining to be tolled."   *Tinker v. Moore,* 255 F.3d 1331, 1333 (11th Cir. 2001) (citing *Webster v. Moore,* 199 F.3d 1256, 1259 (11th Cir. 2000)).   And "[w]hile a properly filed application for post-conviction relief tolls the statute of limitations, it does not reset or restart the statute of limitations once the limitations period has expired."   *Moore v. Crosby,* 321 F.3d 1377, 1381 (11th Cir. 2003) (internal quotation marks omitted).   *See also Gorby v. McNeil,* 530 F.3d 1363, 1368 (11th Cir. 2008) (concluding that a successive postconviction motion was untimely under Florida law, and therefore, not

### C.    Petitioner is not entitled to equitable tolling of the AEDPA statute of limitations.

AEDPA's one-year statute of limitations may also be equitably tolled. As a general matter, equitable tolling may apply if a petitioner shows that he has pursued his rights diligently, and that some "extraordinary circumstance" stood in his way to prevent timely filing of his habeas petition.   See Holland v. Florida, 560 U.S. 631, 649 (2010).   "[T]he reasonable diligence and extraordinary requirements are not blended factors; they are separate elements, both of which must be met before there can be any equitable tolling." Cadet v. Fla. Dep't of Corr., 853 F.3d 1216, 1225 (11th Cir. 2017).

Petitioner argues that he is entitled to equitable tolling.   (Doc 12).   He notes that on December 2, 2020—nineteen days before the expiration of his AEDPA limitations period—he moved the Court to be placed on stay and abeyance.   (Id. at 4).   He asserts that the stay was necessary because of an extraordinary circumstance; namely, he was placed on COVID-19 quarantine status for thirty days, during which he was restricted to his cell, and denied access to telephones, the library, and his legal files.   (Doc. 12 at 5).

The Eleventh Circuit has held that prison lockdowns and restricted access to a law library or legal documents do not constitute sufficient

---

"properly filed" for purposes of AEDPA's tolling provision).

extraordinary circumstances to warrant equitable tolling. *See Castillo v. United States*, No. 16-17028-E, 2017 WL 5591797, at *3 (11th Cir. May 4, 2017) (collecting cases); *Akins v. United States*, 204 F.3d 1086, 1089-90 (11th Cir. 2000); *Paulcin v. McDonough*, 259 F. App'x 211, 213 (11th Cir. 2007). And district courts within the Eleventh Circuit, including this district, have declined to grant equitable tolling based on prison lockdowns caused by COVID-19. *See*, *e.g.*, *Phillips v. United States*, No. 8:20-cv-1862-T-27AAS, 2021 WL 679259, at *3 (M.D. Fla. Feb. 22, 2021); *Franco v. United States*, No. 8:20-cv-2822-T-27-JSS, 2021 L 1546021, at *4 (M.D. Fla. Apr. 20, 2021). Finally, in an unpublished opinion, the Eleventh Circuit concluded that COVID-19 was not an "extraordinary circumstance" because all prisoners attempting to access legal resources were subject to COVID-19 protocols. *Rush v. Sec'y, Fla. Dep't of Corr.*, 2021 WL 3134763, at *1 (11th Cir. Jun. 22, 2021). Moreover, while Petitioner argues that he experienced a 30-day lockdown due to COVID-19, his petition was filed more than six months after his limitations period expired.

Even if the COVID-19 lockdown could be considered an extraordinary circumstance, Petitioner has not shown that he has diligently pursued his rights. Judgment in Petitioner's criminal conviction became final on April 22, 2016 (long before COVID-19 restrictions were in place), and Petitioner's time

to seek habeas review was tolled for 90 days.   Thereafter, Petitioner allowed another 201 un-tolled days to pass before he filed his first Rule 3.850 Motion in state court.   He then waited more than three months after mandate issued on his Rule 3.850 Motion before filing a one-page "petition" in this Court that raised no claims.   However, a habeas petition is not "pending" until a § 2254 petition is actually filed, so his unadorned placeholder petition had no effect on the statute of limitations.   *See Isaacs v. Head*, 300 F.3d 1232, 1239 (11th Cir. 2002).   And although the Court directed Petitioner to file a petition that contained his claims, he instead sought a "stay and abey" in this Court, again offering absolutely no claims that could be stayed—not even a bare-bones description of the claims raised on direct appeal, in his Rule 3.850 Motion, or in his state habeas petition.   Instead, Petitioner essentially sought an open-ended extension of time to file his petition—relief this Court is without authority to grant.   *See Sisneros v. Biter*, No. CV 12-0756-PA MLG, 2012 WL 395758, at *1 (C.D. Cal. Feb. 6, 2012) ("The Court simply does not have jurisdiction to extend the time for filing or give an advisory opinion as to the timeliness of a petition.");*see also United States v. Leon*, 203 F.3d 162, 164 (2d Cir. 2000)("Here, because Leon has not yet filed an actual § 2255 petition, there is no case or controversy to be heard, and any opinion we were to render on the timeliness issue would be merely advisory."); *Swichkow v. United States*, 565

10

F. App'x 840, 844 (11th Cir. 2014) (adopting the reasoning in *Leon* to conclude that a § 2255 petitioner could not request an extension of time absent "a formal request for habeas relief"); *United States v. Hernandez*, 431 F. App'x 813, 814 (11th Cir. 2011) (same).[4]

While Petitioner clearly misunderstood the strict nature of § 2244(d)'s statute of limitations, the Eleventh Circuit has explained that ignorance or a misunderstanding of the law do not warrant equitable tolling.  *See Perez v. Florida*, 519 F. App'x 995, 997 (11th Cir. 2013) ("[W]e have not accepted a lack of a legal education and related confusion or ignorance about the law as excuses for a failure to file in a timely fashion.").

Petitioner has not met his burden of showing both extraordinary circumstances and reasonable diligence in pursing his federal habeas petition. Therefore, he is not entitled to equitable tolling of AEDPA's one-year statute of limitation under the rules explained in *Holland*.   560 U.S. at 649.

### III.   Conclusion

Based on the foregoing, the Court concludes that Petitioner's amended

---

[4] And while Petitioner argues that the Court's order for a response from the state suggested that his June 25, 2021 amended petition was timely or that the Court was inclined to grant equitable tolling (Doc. 12 at 7), the Court had no way of discerning whether the petition was timely until <u>after</u> the response and attendant state-court record was filed. Moreover, as noted, unless and until a § 2254 petition is filed, this Court has no jurisdiction to consider the timeframe for the petition because there is no pending case or controversy.

28 U.S.C. § 2254 petition was filed after the expiration of AEDPA's one-year limitations period.   Furthermore, Petitioner is neither entitled to statutory nor equitable tolling of the limitations period.

Accordingly, it is ordered that:

1.     The amended 28 U.S.C. § 2254 petition filed by Peter W. Ferreira (Doc. 8) is **DISMISSED with prejudice** as time barred.

2.     The Clerk is **DIRECTED** to enter judgment for Respondent, deny any pending motions as moot, terminate any deadlines, and close this case.

## Certificate of Appealability[5]

A prisoner seeking a writ of habeas corpus has no absolute entitlement to appeal a district court's denial of his petition.   28 U.S.C. § 2253(c)(1). Rather, a "circuit justice or judge" must first issue a certificate of appealability (COA).   "A [COA] may issue . . . only if the applicant has made a substantial showing of the denial of a constitutional right."   28 U.S.C. § 2253(c)(2).   To make such a showing, a petitioner must demonstrate that "reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong," Tennard v. Dretke, 542 U.S. 274, 276 (2004) (quoting

---

[5] Pursuant to Rule 11(a) of the Rules Governing Section 2254 Cases in the United States District Courts, the "district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant."   Id.

Slack v. McDaniel, 529 U.S. 473, 484 (2000)), or that "the issues presented were adequate to deserve encouragement to proceed further." Miller–El v. Cockrell, 537 U.S. 322, 335–36 (2003) (citations omitted).   Further, to obtain a COA when, as here, dismissal is based on procedural grounds, a petitioner must show, "at least, that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." Slack, 529 U.S. at 484.   Petitioner has not made the requisite showing in these circumstances and is not entitled to a COA.   And it follows that because Petitioner is not entitled to a COA, he is not entitled to appeal in forma pauperis.

**DONE** and **ORDERED** in Fort Myers, Florida on this 26th day of September 2022.

SHERI POLSTER CHAPPELL
UNITED STATES DISTRICT JUDGE

SA:   FTMP-2
Copies:   Petitioner W. Ferreira, counsel of record